Filed 7/3/13  P. v. Tarver CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>ALLEN TARVER,<br><br>　　　　Defendant and Appellant. | 2d Crim. No. B246457<br>(Super. Ct. No. BA395939)<br>(Los Angeles County) |

Allen Tarver appeals from the judgment following his no contest plea to possession for sale of cocaine base (Health & Saf. Code, § 11351.5).  Pursuant to the negotiated plea, the trial court suspended imposition of sentence and granted three years probation with 180 days county jail.  Appellant was ordered pay a $200 restitution fine (Pen. Code, § 1202.4, subd. (b))[1], a $200 probation revocation fine (§ 1202.44), a $40 court security fee, a $30 conviction assessment, a $50 lab fee (Health & Saf. Code, § 11372.5), and $85 penalty assessments (§ 1464; Gov., Code, § 76000).

We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On May 21, 2013, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  No response has been received.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

The arrest report, preliminary hearing transcript, and transcript of the motion to suppress evidence reflect that the Los Angeles Police Department found baggies of rock cocaine, a revolver and shotgun, cash, pills, marijuana, a razor blade, and a scale in appellant's bedroom during a probation search of his father's, David Tarver, house. The trial court partially granted appellant's motion to suppress evidence (§1538.5) on the ground that the firearms, pills, cash, marijuana, razor blade, and scale were not in plain view during the protective sweep of appellant's bedroom. The trial court denied the motion to suppress the baggies of cocaine and a revolver which were in plain view.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


YEGAN, J.


We concur:


GILBERT, P.J.


PERREN, J.


2

Gail Ruderman Feuer, Judge

Superior Court County of Los Angeles

_____

Richard Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.